848 F.2d 1245
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ACS CONSTRUCTION COMPANY, INC., Appellant,
v.
The UNITED STATES, Appellee.
 No. 87-1629.
 United States Court of Appeals, Federal Circuit.
 May 31, 1988.
 
 Before EDWARD S. SMITH, BISSELL, and ARCHER, Circuit Judges.
 DECISION
 EDWARD S. SMITH, Circuit Judge.
 
 
 1
 The decision of the United States Armed Services Board of Contract Appeals (board), ASBCA No. 33832, dated August 3, 1987, denied the appeal by ACS Construction Company, Inc. (ACS), seeking both an interpretation of the concrete mix specification set forth in contract No. DACA27-85-C-0188 and a determination that the specification was defective. We affirm.
 
 OPINION
 
 2
 This court may only disturb a decision by the board if we determine either that the board's legal conclusions are in error or that the board's factual findings are fraudulent, arbitrary, capricious, so grossly erroneous as to imply bad faith, or are not supported by substantial evidence. 41 U.S.C. Sec. 609(b) (1982). In view of both the record before us and the arguments presented by the parties in their briefs and at oral argument, we conclude that ACS has not provided us with grounds to disturb the board's decision.
 
 
 3
 ACS argues that the board erred by determining that "the AHC mix, as modified by ACS, appears to have fully met the content requirements of paragraph 21.6.1" set forth in the contract specification. ACS contends that because AHC is the manufacturer of the liquid admixture "Anti-Hydro" and is not the producer of the aggregate used by ACS in its topping mix, the AHC topping mix formula, as modified by ACS, does not conform to paragraph 21.6.1. We decline to adopt such a narrow interpretation of that paragraph.
 
 
 4
 Paragraph 21.6.1 sets forth two requirements for conformance. First, the concrete topping mix formula used by the contractor must be in accordance with a basic formulation of an aggregate producer. Second, the concrete topping mix formula must meet the physical requirements set forth by that paragraph. Contrary to ACS's assertion, paragraph 21.6.1 does not require that the contractor use the specific aggregate produced by the aggregate producer whose topping mix formula was selected and used by the contractor.
 
 
 5
 Here, the topping mix formula used by ACS was that of AHC. Because AHC is an aggregate producer and because ACS has not given us grounds to disturb the determination by the board that the AHC topping mix formula, as modified by ACS, met the physical requirements of paragraph 21.6.1, we reach our conclusion that the AHC topping mix formula, as modified by ACS, conformed to that paragraph.
 
 
 6
 Because we affirm the board's determination that the AHC topping mix formula, as modified by ACS, conformed to paragraph 21.6.1, we do not reach ACS's argument that the contract concrete mix specification was defective on grounds that there existed no product that conformed to paragraph 21.6.1.